**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSEMOND BOURGOUIN,

              Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.   20-72620

Agency No. A209-867-056

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

    Rosemond Bourgouin, a native and citizen of Haiti, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo questions of law, including whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We deny the petition for review.

Substantial evidence supports the agency's determination that Bourgouin failed to establish his proposed social group is socially distinct. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the BIA did not err in concluding that Bourgouin did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence also supports the agency's denial of CAT relief because Bourgouin failed to show it is more likely than not he would be tortured by or with

the consent or acquiescence of the government if returned to Haiti. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Bourgouin's contention that the BIA erred in not addressing the IJ's adverse credibility determination fails, where the BIA assumed he testified credibly and assessed his claims on the merits. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cor. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Bourgouin's contentions that the agency ignored evidence or otherwise erred in its analysis of his claims also fail. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**